FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 29 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AYODELE ADENIRAN,

      Plaintiff,

  -against-

ERIC SCHNEIDERMAN,
Attorney General of the State of New York;
and The New York Supreme Court,

      Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-5491 (CBA)
NOT FOR PUBLICATION

**AMON, Chief United States District Judge**

  On November 4, 2011, plaintiff Ayodele Adeniran, who is currently incarcerated at Rikers Island Correctional Facility, filed this *pro se* action pursuant to 28 U.S.C. § 2403 challenging the legality of his arrest and the constitutionality of the New York State penal laws under which he was indicted. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted for the purpose of this Order, but for the reasons discussed below, the Complaint is dismissed.

## BACKGROUND

  The Complaint consists of two separate statements. In one, plaintiff states: "I am being held against my will due to a search warrant; a warrant to seize specific items pertaining to an investigation." (Complaint at 2d unnumbered page.) He alleges that he was arrested in his home in the absence of probable cause and that "[n]othing illegal was found at my residence or on my person, and there was no arrest warrant." (Id.) Plaintiff further alleges that his "Miranda rights were not even read to [him] which is mandatory during any arrest." (Id.)

  The second statement consists of a typewritten form labeled "Constitutional Challenge Notice to the Court Pursuant to Rule 5.1(a) of the Fed. R. Of Civ. P. and Sec. 2403 of Title 28 of the

U.S.C." Plaintiff has filled in the blanks to indicate that he is challenging New York Penal Law ("NYPL") Sections 165.54, 110-155.42, 155.40-1, 170.25, and 190.80-1. The form alleges that "these laws are unconstitutional because they were never certified as constitutional by the New York State Supreme Court."[1] (Complaint at 3rd unnumbered page.)

Plaintiff attaches excerpts from an unidentified transcript and a criminal motion, a copy of a search warrant, and excerpts from state law provisions and forms related to search warrants. The Complaint does not include any specific demand for relief.

The Court has checked the database for the New York State Unified Court System and finds that plaintiff was arrested on December 9, 2010 and subsequently indicted in Queens County under case number 03250-2010 on a series of charges, including Criminal Possession of Stolen Property, NYPL § 165.54, Grand Larceny, NYPL § 155.40, and Identity Theft, NYPL § 190.80. The charges remain pending, and plaintiff's next scheduled court appearance is on December 8, 2011. See http://iapps.courts.state.ny.us/webcrim_attorney/ (last visited 11/29/11).

## STANDARD OF REVIEW

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

---

[1] The Court has received a number of these forms submitted by inmates at Rikers Island, each alleging that sections of the New York Penal Law are unconstitutional because they have never been certified as constitutional by the New York Supreme Court. See Cusaac v. Schneiderman, No. 11 CV 4127, 2011 WL 3876999, at *1 (E.D.N.Y. Aug. 31, 2011) (collecting cases: "All of these cases incorrectly assume, for reasons which are not articulated in the complaint, that a state statute is unconstitutional until it has been certified as constitutional by the New York Supreme Court. In fact, statutes duly enacted by a legislature are presumed to be constitutional.")

§ 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

By challenging the constitutionality of New York penal laws and the legality of his detention, plaintiff is asking this Court to intervene in an ongoing criminal proceeding. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional. "Younger abstention is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims." Schlager v. Phillips, 166 F.3d 439, 442 (2d Cir. 1999). Accordingly, the Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding. When Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. Colorado Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Diamond "D" Const. Corp. V. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

Here, each of the three conditions is satisfied. The criminal case against plaintiff is still

pending. New York has an important state interest in enforcing its criminal laws. See Shelley v. Gulotta, 2010 WL 309011, at *2 (E.D.N.Y. 2010). And there is no indication that plaintiff cannot raise his constitutional claims in the pending criminal proceedings. See Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1999) (Younger abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights).

Plaintiff has not alleged any facts that would bring his case within any of the limited exceptions for extraordinary circumstances. See Diamond "D" Const. Corp., 282 F.3d 191 at 198 (recognizing exception upon showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief," but noting that "a plaintiff who seeks to head off Younger abstention bears the burden of establishing that one of the exceptions applies"). Accordingly, this court must abstain from adjudicating plaintiff's claim regarding the ongoing state court proceedings.

## CONCLUSION

For the reasons stated above, this *in forma pauperis* action is dismissed pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
       November 29, 2011